UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CARLOS RUIZ-PEREZ,
Petitioner,

v.

PATRICK DIVVER, *et al.*,
Respondents.

Case No.: 26-cv-3302-JO-VET

**ORDER GRANTING THE PETITION FOR HABEAS CORPUS [DKT. 1]**

On July 2, 2026, the Court held oral argument on Petitioner's habeas petition, alleging that the Immigration Judge ("IJ") failed to conduct a bond hearing compliant with this Court's February 3, 2025 order in a related case, *Ruiz-Perez v. Divver*, No. 3:26-cv 00319-JO-BLM (S.D. Cal. Feb. 3, 2026), Dkt. 9. That order required the Government to prove "by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release." *Id.* For the reasons stated at oral argument and below, the Court GRANTS Petitioner's habeas petition [Dkt. 1].

1. The IJ failed to comply with the Court's prior order because, in finding that Petitioner posed a danger to the community, the IJ did not consider whether that danger could "reasonably be addressed by" conditional release or other alternatives to detention. *Ruiz-Perez v. Divver*, No. 3:26-cv 00319-JO-BLM (S.D. Cal. Feb. 3, 2026), Dkt. 9 at 2. The record contains no discussion of whether any conditions of release—such as bond, electronic monitoring, reporting requirements, treatment, or other restrictions—could reasonably mitigate any danger Petitioner might pose to the community. *See, e.g.*, *De Paz Sales v. Barr*, No. 19-CV-07221-KAW, 2020 WL 353465, *5-*6 (N.D. Cal. Jan. 21, 2020) (finding error where the IJ failed to consider conditions such as participation in the Secure Continuous Remote Alcohol Monitor program, mandatory counseling and rehabilitation, check-ins, or other monitoring programs); *Cantor v. Freden*, 761 F. Supp. 3d 630, 637–38 (W.D.N.Y. 2025) (holding that an IJ must consider whether conditions, such as prohibiting the petitioner from driving and requiring remote alcohol monitoring, could adequately mitigate any danger to the community). Instead, the IJ concluded that the Government met its burden to prove Petitioner was a danger to the community without considering whether conditions or less restrictive alternatives to detention could adequately protect the public. Because the IJ failed to make the determination required by this Court's order, the Court remands for a new bond hearing at which Petitioner shall have the opportunity to propose, and the IJ must consider, alternative conditions of release.
2. Within seven days (*i.e.*, by August 3, 2026), Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or such a flight risk that no amount of bond or alternative conditions of release "would suffice to ensure his future appearance." *Hernandez v. Sessions*, 872 F.3d 976, 983, 990–91 n.18 (9th Cir. 2017); *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). In setting the amount of bond,

the immigration judge must consider Petitioner's financial circumstances and alternative conditions of release as set forth in *Hernandez*, 872 F.3d at 990–91. The bond hearing shall be transcribed.

3. By 5 p.m. on August 4, 2026, Respondents shall file a declaration confirming that Petitioner has been provided the above individualized bond hearing and attaching the immigration judge's order.

**IT IS SO ORDERED.**

Dated: July 27, 2026

Honorable Jinsook Ohta
United States District Judge